Board of Mgrs. of the St. Tropez Condominium v JMA Consultants, Inc. (2024 NY Slip Op 05019)

Board of Mgrs. of the St. Tropez Condominium v JMA Consultants, Inc.

2024 NY Slip Op 05019

Decided on October 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 10, 2024

Before: Kern, J.P., Oing, Kennedy, Higgitt, Michael, JJ. 

Index No. 656079/18 Appeal No. 2779 Case No. 2023-06136 

[*1]Board of Managers of the St. Tropez Condominium, Plaintiff-Appellant,
v
JMA Consultants, Inc. Doing Business as JMA of New Jersey in New York, et al., Defendants-Respondents, Eugene F. Ferrara, et al., Defendants.

JMA Consultants, Inc., Doing Business as JMA of New Jersey, et al., Third-Party Plaintiffs-Respondents,
v
Joseph K. Blum Co., LLP, et al., Third-Party Defendants, The St. Tropez Condominium, Third-Party Defendant-Appellant.

Hasapidis Law Offices, Scarsdale (Annette G. Hasapidis of counsel), for appellants.
Stevens & Lee P.C., New York (John N. Visconi of counsel), for respondents

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about May 19, 2023, which, insofar as appealed from as limited by the briefs, granted defendant JMA Consultants, Inc.'s (JMA) motion for summary judgment dismissing plaintiff's claims for breach of contract, granted JMA's third-party claims for breach of contract and contractual indemnification against plaintiff, and denied plaintiff's motion for summary judgment against JMA, unanimously affirmed, with costs.
JMA sustained its prima facie burden of showing that its failure to identify the lower south facade of the building as in immediate danger of collapse did not constitute a breach of contract. It was undisputed that the contracts between the parties restricted JMA's ability to probe perceived defects in the building walls until after the repair project that was in progress had been completed, and that determined the repair schedule.
Plaintiff failed to raise a triable issue of fact concerning whether JMA was put on notice of the dangerous condition of the lower south faÇade based on the bulging wall on the upper south facade depicted in photographs taken by JMA from 300 feet away. Although plaintiff's expert opined that the bulging wall should have alerted JMA to a potentially unsafe condition, the expert conceded that further probing was necessary. However, it was undisputed that JMA was not permitted to conduct further probing under the first three contracts between the parties, and it was not provided with documents concerning the building's maintenance history that might have alerted it to a problem. The court properly found that the fourth contract under which JMA agreed to serve as a Qualified Exterior Wall Inspector of the FaÇade Inspection and Safety Program (FISP), pursuant to 1 RCNY 103-04, did not impose nondelegable duties on JMA. The fourth contract was not operative at the time of the wall collapse because it noted that the required FISP inspection would not occur until after the repair program had been completed, sometime in 2016.
Plaintiff contends that JMA also breached the contracts by failing to properly prioritize the repair work and permitting the contractor to address the north facade first. However, plaintiff failed to submit evidence that JMA had the authority to set the work schedule of the contractor plaintiff hired, and the record reflects that plaintiff elected to address the north facade first despite JMA's 2014 report of bulging at the upper south facade.
The court properly found that the indemnification provisions of the contracts in favor of JMA were enforceable since plaintiff did not demonstrate any breach by JMA.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 10, 2024